STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-1277

SELECT MOTOR COMPANY, INC.

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 219,938
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
James T. Genovese, Judges.

AFFIRMED.

Lolita M. Whitmore
Mike Barron
Post Office Box 66351
Baton Rouge, Louisiana 70896-66351
(225) 925-6177
COUNSEL FOR DEFENDANT/APPELLANT:
    State of Louisiana, Department of Public Safety & Corrections

Eugene A. Ledet, Jr.
Post Office Drawer 12850
Alexandria, Louisiana 71315-2850
(318) 445-6581
COUNSEL FOR PLAINTIFF/APPELLEE:
    Select Motor Company, Inc.

**GENOVESE, Judge.**

This is an appeal from a district court judgment granting a writ of mandamus in favor of Select Motor Company, Inc. ordering the State of Louisiana, Department of Public Safety and Corrections, through its Office of Motor Vehicles, to issue a motor vehicle title. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On December 30, 2003, Plaintiff/Appellee, Select Motor Company, Inc. (Select Motors), sold a 1972 Chevrolet Chevelle motor vehicle bearing vehicle identification number (VIN) 1D37U2R511577 to Nicholas E. Thomas (Thomas). A registration certificate for the vehicle was then issued by the Defendant/Appellant, State of Louisiana, Department of Public Safety and Corrections, through its Office of Motor Vehicles (OMV), to Thomas on March 11, 2004. Sometime and somehow thereafter, Thomas lost the vehicle to Gene's Used Parts and Wrecker Service (Gene's). On May 5, 2004, Gene's submitted an "Affidavit of Physical Inspection for Vehicle Identity Verification" to OMV; however, the VIN was incorrectly identified as being 1037U2R511577, instead of 1D37U2R511577. Notwithstanding the incorrect VIN, on May 11, 2005, OMV issued a "Permit to Sell" with the incorrect VIN to Gene's. On July 20, 2004, Select Motors re-purchased the vehicle from Gene's. During this transaction, Select Motors noticed the incorrect VIN and submitted another "Affidavit of Physical Inspection for Vehicle Identity Verification" to the OMV on July 27, 2004, with the correct VIN. On August 4, 2004, the OMV issued both a "Registration Certificate" and a "Certificate of Title" to Select Motors reflecting the correct VIN. Select Motors then sold the vehicle to Thera H. Hearod (Hearod) on August 16, 2004.

The conflict which forms the basis of this litigation arose when Select Motors

1

applied for a title in the name of Hearod. OMV refused to issue a new title, citing the previously incorrect VIN submitted by Gene's.

On February 17, 2005, Select Motors filed a petition for writ of mandamus against the Defendant, requesting that its OMV be ordered to issue a title to Hearod. In its mandamus petition, Select Motors alleged that it followed the proper legal procedure in correcting the incorrect VIN, but OMV refused to issue a title and register the vehicle in the name of Hearod.

A hearing on the rule to show cause (mandamus proceeding) was held on March 21, 2005, wherein the Defendant, despite notice, failed to appear. After considering the evidence and exhibits introduced by Select Motors, the trial court granted the writ of mandamus and ordered the Defendant, through its OMV, to "issue title of the 1972 Chevrolet Chevelle, VIN 1D37U2R511577 to its owner, Thera H. Hearod." Judgment was signed on March 25, 2005. On July 7, 2005, the trial court signed a judgment denying OMV's motion for new trial. OMV, thereafter, filed the instant suspensive appeal.

## ASSIGNMENTS OF ERROR

OMV asserts the following assignments of error:

1.  The trial court erred in dismissing OMV's motion for a new trial[1].

2.  The trial court erred in ordering OMV to register the vehicle in the name of Hearod.

## ISSUES

OMV presents the following issues for our review:

1.  Whether the trial court's judgment was contrary to law under La.Code Civ.P. art. 1704(A).

---

[1]Although OMV assigns as error the trial court's denial of its motion for a new trial, this issue was not briefed. Accordingly, pursuant to Uniform Rules-Courts of Appeal, Rule 2-12.4, we consider this assignment of error abandoned.

2. Whether the writ of mandamus was improper.

**DISCUSSION**

*Louisiana Code of Civil Procedure Article 1704(A)*

The Defendant contends that Select Motors failed to comply with the service requirements of La.Code Civ.P. art. 1704(A), which provides:

> Notwithstanding any other provision of law to the contrary, prior to confirmation of a judgment of default against the state or any of its departments, offices, boards, commissions, agencies, or instrumentalities, a certified copy of the minute entry constituting the judgment entered pursuant to Article 1701, together with a certified copy of the petition or other demand, shall be sent by the plaintiff or his counsel to the attorney general by registered or certified mail, or shall be served by the sheriff personally upon the attorney general or the first assistant attorney general at the office of the attorney general. If the minute entry and the petition are served on the attorney general by mail, the person mailing such items shall execute and file in the record an affidavit stating that these items have been enclosed in an envelope properly addressed to the attorney general with sufficient postage affixed, and stating the date on which such envelope was deposited in the United States mails. In addition the return receipt shall be attached to the affidavit which was filed in the record.

The Defendant argues that "nothing has been mailed and/or served upon the Louisiana Attorney General's Office regarding the court's judgment" as required by La.Code Civ.P. art. 1704(A). The Defendant admits in its brief the receipt of a certified letter from Select Motors on March 29, 2005, along with a notice and certificate of signing of the judgment; however, the letter was sent to the Louisiana Department of Public Safety and Corrections, not the Attorney General.

The record reflects that service of the mandamus proceeding was effectuated upon the Department of Public Safety and Corrections, Office of Motor Vehicles, on March 3, 2005, through its Assistant Secretary, Kay Hodges, at 7979 Independence Boulevard, Baton Rouge, Louisiana. Counsel for the Defendant, however, did not attend the March 21, 2005 rule to show cause. The trial court then granted Select

3

Motors' request for a writ of mandamus after verifying service upon the Defendant and considering the evidence presented.

Contrary to the Defendant's assertion of insufficiency of service and non-compliance with La.Code Civ.P. art. 1704(A), this court notes that this action is a mandamus proceeding, not an ordinary proceeding. Louisiana Code of Civil Procedure Article 1704(A) is found in Book II of the Louisiana Code of Civil Procedure under the heading of "Ordinary Proceedings." A mandamus proceeding is a special proceeding found in Book VII of the Louisiana Code of Civil Procedure, which authorizes the use of summary proceedings set forth in Book V under the heading of "Summary and Executory Proceedings." Because a mandamus action is a summary proceeding, and not an ordinary proceeding, La.Code Civ.P. art. 1704(A), applicable to default judgments in an ordinary proceeding, is inapplicable in the case *sub judice*. Select Motors did not seek the confirmation of a default judgment against the State, or any of its departments. Select Motors sought a writ of mandamus to compel the performance of a ministerial duty required by law pursuant to La.Code Civ.P. art. 3862[2]. We find Defendant's argument of insufficiency of service of process and non-compliance with La.Code Civ.P. art. 1704(A) to be without merit.

_____

[2]Louisiana Code of Civil Procedure Article 3862 provides:

> A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice; provided, however, that no court shall issue or cause to be issued a writ of mandamus to compel the expenditure of state funds by any state department, board or agency, or any officer, administrator or head thereof, or any officer of the state of Louisiana, in any suit or action involving the expenditure of public funds under any statute or law of this state, when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.

4

### *Mandamus Cause of Action Compelling OMV to Issue Title*

The Defendant contends that the trial court erred in ordering OMV to register the vehicle in the name Hearod. OMV asserts Select Motors' petition for writ of mandamus is improper as follows:

(1)     Since the initial 'Permit to Sell' issued was based on an incorrect [VIN], the Permit to Sell was and is an absolute nullity. Pursuant to La.R.S. 32:1720 the actual owner of the vehicle must receive notification. That notification did not occur and thus the owner's due process rights have been violated.

(2)     The permit holder, Gene's Used Parts and Wrecker Services [sic] had no legal right to sell or transfer the 1972 Chevelle vehicle. Therefore, Select motors never had a true ownership interest so they also had no legal right to sell or transfer the vehicle.

(3)     Pursuant to [La.Code Civ.P. art.] 3862, mandamus is improper as relief *via ordinaria* was and is available. No ministerial duty existed to register the improperly obtained vehicle.

With reference to the Defendant's assertions in (1) and (2) above, it is noteworthy that the Defendant, not the Plaintiff, issued the incorrect "Permit to Sell." After noticing the error, it is the Plaintiff who attempted to correct it. Now the Defendant wants to stop the Plaintiff from correcting Defendant's mistake. When this matter went awry, the Plaintiff was the owner of the vehicle with the correct registration. After the vehicle was sold, and a registration error occurred, the Plaintiff re-acquired the vehicle. When he noticed the error, the Plaintiff took the necessary steps to correct it prior to selling it to Hearod. Now that the Defendant is aware of the prior error, though corrected by the Plaintiff, it wants to deny issuance of a new and correct title to Hearod. The matter is now moot. The prior title discrepancy has been corrected. There has been no proof by any of the parties hereto of any prejudice or harm done. The Plaintiff is entitled to proceed with its sale of the vehicle to Hearod with a valid title from the Defendant.

5

Finally, Select Motors asserts that the issuance of a writ of mandamus was proper according to La.Code Civ.P. art. 3862 because the delay involved in obtaining ordinary relief would cause injustice. Specifically, Select Motors asserts that due to the Defendant's refusal to perform its ministerial duty, Hearod has filed suit against Select Motors for her inability to acquire a title to the vehicle she purchased from Select Motors. We agree. We find no merit in the arguments presented by the Defendant, and no error on the part of the trial court in issuing the writ of mandamus directing the Defendant to issue a title to Hearod.

**DECREE**

The judgment of the trial court is affirmed. We assess all costs of these proceedings against the Defendant/Appellant, State of Louisiana, Department of Public Safety and Corrections, in accordance with La.R.S. 13:5112 in the amount of $713.88.

**AFFIRMED.**

6